BEFORE THE FIRST DIVISION, OCTOBER 8, 1959

**No. 63419.**—George G. Wagner Co. *v.* United States, protests 58/18164, 58/18165, and 58/18180 (San Francisco).

OLIVER, Chief Judge: These protests relate to certain miniature food mixers that are represented by three different invoice items, identified as follows:

Art. No. 3606—"Mixee" Food Mixer
Art. No. 3000—"MIXIT" Master Jr.
Art. No. 4000—"MIX-O-MATIC"

All of the articles were classified as toys, not specially provided for, and assessed with duty at the rate of 35 per centum ad valorem under paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 52739, supplemented by T.D. 52820. Plaintiff claims that the merchandise is properly classifiable under the provision in paragraph 339 of the Tariff Act of 1930, as modified, for household utensils, not plated with platinum, gold, or silver, and not specially provided for, composed in chief value of base metal.

The record consists of the testimony of five witnesses, as well as samples of the articles in question and certain illustrative exhibits, explanatory of the use of the present merchandise.

Plaintiff's first witness, Arlyne H. Wagner, is president of Wagner, Continental, Inc., "which does business as George T. Wagner Company [plaintiff herein] and Continental Merchandise Company," importer of various kinds of merchandise, including toys and an extensive line of houseware items, i.e., ceramics, kitchen utensils, and giftware items. The witness stated that she assisted in designing the imported items, that the "Mixee" food mixer (plaintiff's exhibit 1) and the "MIXIT Master Jr." (plaintiff's exhibit 2) were modeled and developed from "various designs of adult mixers," and that the "MIX-O-MATIC" (plaintiff's exhibit 3) was designed "from the Osterizer blender." All of the articles in question operate on flashlight batteries with an off-and-on switch connected thereto. The witness stated, further, that the purpose of these food mixers is to train children in the use of adult mixing machines that are used in the home and that such use of those articles by children was intended to be supervised by adults. The witness' observation as to actual use of the items in question is limited to her own home, by her own and neighbors' children, under the supervision of either herself or a housekeeper. She testified that she had seen the food mixers (exhibits 1 and 2, supra) used principally in conjunction with a cake mix set and a cookie mix set, "that are put out especially for children." The cake mix set (plaintiff's illustrative exhibit 4) and the cookie set (plaintiff's illustrative exhibit 5), as shown from an examination of the exhibits, contain 1-ounce packages of cake or cookie mixes and miniature articles of baking equipment that are obviously children's playthings. With the cake mix set (illustrative exhibit 4, supra), there is included a "Junior Chef" cook book that contains the statement that " 'Name Brand' products in the food field packed in special junior sizes for use in Real Food Toys." With the cookie set (illustrative exhibit 5, supra), there are a few chocolate chips in a package that includes a statement that the chocolate chips are "for use with Junior Chef Real Food Toys." The witness admitted that the small quantities of cake and cookie ingredients supplied with these sets were not "adequate" for preparation of food for a family, and stated that the limited power of the items in question, produced through the batteries, was sufficient to mix the quantities supplied in the children's baking sets. Referring to the "Osterizer" blender (exhibit 3, supra), the witness stated that she had seen it used "with the children making malted milks and milk shakes, ice cream, milk, chocolate powder, and cereal." (R. 17.) In a specific instance of such usage, the witness stated, "I can also remember Mr. Wagner showing my little boy how to make a milk shake in this." (R. 17–18.)

Plaintiff's remaining four witnesses testified that they are friends of the previous witness, who gave each of them one or more of the articles in ques-

tion, as gifts. Their testimony refers to the use of the articles by their children in their own homes, in the same manner as stated by the previous witness.

The miniature food mixers under consideration (exhibits 1, 2, and 3, *supra*), as disclosed from an examination of the exhibits, are very light in construction. The samples support plaintiff's testimony that the articles are designed for, and exclusively used by, children. Their general appearance does not suggest that they are articles having the essential character of utensils, which "serve a utilitarian purpose and are chiefly used in the household for the care and maintenance of the home for the convenience and comfort of its members," *Pramette Juvenille Furniture Company* v. *United States*, 36 C.C.P.A. (Customs) 61, C.A.D. 398, which are the requirements for classification of merchandise under the provision for household utensils in paragraph 339, invoked herein by plaintiff.

During the course of the trial, counsel for the respective parties stipulated that the articles in question are composed in chief value of steel and that they are not plated with platinum, gold, or silver, and that, as imported, they contained no batteries.

Tariff classification of merchandise as toys is controlled by statutory definition, set forth in paragraph 1513 of the Tariff Act of 1930 as follows:

PAR. 1513. * * *. As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

It will be observed that the controlling element in the foregoing definition is the matter of chief use, and that such use shall be "for the amusement of children, whether or not also suitable for physical exercise or for mental development."

Chief use, as it relates to tariff classification, is a question of actual fact to be established by positive testimony representative of an adequate geographical area. *Advance Solvents & Chemical Corp.* v. *United States*, 34 C.C.P.A. (Customs) 148, C.A.D. 358. The testimony must be of a convincing character and not negatived by the samples themselves; and the quantity of merchandise used is also an important consideration. *United States* v. *S. S. Perry*, 25 C.C.P.A. (Customs) 282, T.D. 49395; *United States* v. *Gardel Industries*, 33 C.C.P.A. (Customs) 118, C.A.D. 325.

The law is well settled "that the classification by the collector and his official acts are presumptively correct" (*McKesson & Robbins, Inc.* v. *United States*, 27 C.C.P.A. (Customs) 157, C.A.D. 77), and it is equally "well established that the collector is presumed to have found every fact to exist that was necessary to sustain his classification" (*E. I. du Pont de Nemours & Co.* v. *United States*, 27 C.C.P.A. (Customs) 146, C.A.D. 75). Under those principles, the presumption of correctness attaching to the collector's action herein includes a finding by the classifying officer that the chief use of the food mixers in question meets the statutory requirements for classification of the merchandise as toys.

Plaintiff, in disputing the classification of the present merchandise, has assumed the twofold burden of proving the correctness of its alleged claim, as well as showing the collector's classification to be wrong. *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 C.C.P.A. (Customs) 150, C.A.D. 227.

On the basis of its evidence adduced herein—oral testimony as well as samples of the present merchandise and illustrative exhibits—plaintiff has not sustained its burden. The testimony of the importer and four of her friends is extremely limited in scope. All of them merely referred to the use of these articles in their respective homes by their own children. Such a factual situa-

tion will not support a positive finding that the present merchandise is not chiefly used for the amusement of children. Furthermore, samples of the articles in question, hereinabove referred to, lend support to the collector's classification of these items as toys. Mention was made by the importer, during the course of her testimony, that the use of the articles in question by children trained them to use adult food mixers. While such usage may imply use for the mental development of children, it will not affect classification of this merchandise as toys when the chief use thereof is for the amusement of children. As stated in the statutory definition, paragraph 1513, *supra*, an article is a toy when it is "chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development." On the record herein, plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification of the present merchandise as toys. The protests are, therefore, overruled and judgment will be rendered accordingly.

Consideration has been given to the cases mentioned in plaintiff's brief, but, in the light of the meager record before us, none of the cited cases is a proper subject for discussion herein.