(C.D. 3466)

PALMAR IMPORT CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

*Glad & Tuttle* (*Edward N. Glad* and *Robert Glenn White* of counsel) for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Charles P. Deem* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before WATSON and MALETZ, Judges,
and OLIVER, Senior Judge

OLIVER, Judge: The protest in this case is directed against the classification of certain imported merchandise described on the invoice as item 12T43 "Paper Sun Picture". It was classified by the collector of customs as toys, other, not specially provided for, under paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 52739, and assessed with duty at the rate of 35 per centum ad valorem.

The plaintiff claims that the merchandise is properly dutiable as a manufacture in chief value of paper under paragraph 1413, as modified by T.D. 52373, at the rate of 17½ per centum ad valorem.

Letters rogatory were issued and returned from Japan covering questions on the component material of chief value.

The statutes pertinent to the issue herein follow:

<u>Classified under</u>: Paragraph 1513, Tariff Act of 1930, as modified by T.D. 52739:

Toys, not specially provided for:

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*
　　Other (except \* \* \*) _____ 35% ad val.

Paragraph 1513, Tariff Act of 1930:

\* \* \* As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. \* \* \*

<u>Claimed under</u>: Paragraph 1413, Tariff Act of 1930, as modified by T.D. 52373:

Manufactures of paper, or of which paper is the component material of chief value, not specially provided for (except ribbon fly catchers or fly ribbons) _____ 17½% ad val.

The questions presented for determination are (1) whether the plaintiff has overcome the presumption of correctness attaching to the collector's classification herein that the imported merchandise is properly

classifiable as toys, not specially provided for, and (2) whether the plaintiff has established its claim according to the requirements of the statute that the imported merchandise is a manufacture in chief value of paper.

The record in the case at bar consists of the testimony of two witnesses and one exhibit (the imported article) for the plaintiff, and one exhibit for the defendant. The first witness for the plaintiff gave oral testimony at the trial. The second witness for the plaintiff testified in Japan through interrogatories and cross-interrogatories, translated at the trial by an interpreter of the Japanese language. Defendant's exhibit A is a letter of transmittal attached to a list of corrections of the translation from Japanese into English.

S. Robert Benton testified for the plaintiff substantially as follows: He is assistant buyer and general manager of Palmar Import Co., Inc., the plaintiff herein, and has been with this company for 5 years. They import toys, novelties, housewares, promotional merchandise, and general giftware, and sell wholesale to toy and houseware firms, hardware stores, department and variety stores. Mr. Benton's duties consist of helping with and creating such items for sale throughout the United States. He sees to it that the merchandise is properly distributed to their sales organization, places all reorders of merchandise, and buys new merchandise from the Orient. He does extensive traveling throughout the United States, having traveled to almost every major city with a population of over 100,000 and has had occasion to observe the use made of the various items of their merchandise. Mr. Benton testified that he has created various toy items for his firm.

He stated that he is also a secondary school teacher in Los Angeles and, prior to his association with the Palmar Import Co., had owned a nursery school and children's camp which gave him experience with very young children and with the types of articles they like to play with.

Mr. Benton testified to his familiarity with the imported merchandise since his childhood, stating that he had occasion as a child to observe its use as demonstrated by an instructor at camp, and had used it in a biology class in high school. He has also seen it used in his home in Los Angeles, in classrooms at city and state colleges in Los Angeles, and has himself used it in classroom presentations at his nursery school and children's camp. Altogether his observations of use run to over one hundred times. He stated that he has not seen children under 12 use it by themselves in that it is too complicated for them to properly use it and understand the instruction without the aid of an older person, and that the merchandise at bar would thus not appeal to young children. On cross-examination he agreed that anything with writing on it does not automatically render it not a toy for use by children. Such

writing, the witness further added, must "appeal to the particular age level that it's intended for."

Plaintiff, in its brief, argues that the testimony and sample support a determination to the effect that the chief use of the imported merchandise lies in its instructive application in "demonstrating the phenomenon of photography and in the making of rudimentary photographs", and not for the amusement of children. Any amusement that might be derived from its use, plaintiff continues, is only incidental to its instructive application. However, the defendant maintains that the plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification, and that the testimony and sample support the classification as a toy.

It is of course well settled that it is incumbent upon the plaintiff where imported merchandise has been classified as a toy to establish by a preponderance of the evidence that over an adequate geographical cross section of the nation, at or immediately prior to its importation, the subject merchandise or like articles were not chiefly used for the amusement of children. The proof must be convincing and cannot be negated by the samples themselves. This burden and manner of proof are premised upon the presumption of correctness attributed to the collector's classification which, in toy cases under the Tariff Act of 1930, rests upon the statutory definition of a toy as an article "chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development." Consideration must be given to the purpose for which the article is utilized, and it is not significant that an incidental mental or physical benefit shall accrue to the child if the chief use of the article is for the amusement of children. These points have been clearly and concisely analyzed heretofore in cases adjudicated before both the Customs Court and the Court of Customs and Patent Appeals. See *United States* v. *Gardel Industries*, 33 CCPA 118, C.A.D. 325; *George G. Wagner Co.* v. *United States*, 43 Cust. Ct. 360, Abstract 63419; *United States* v. *F. W. Woolworth Co.*, 24 CCPA 338, T.D. 48770; and *United States* v. *Louis Wolf & Co.*, 26 CCPA 243, C.A.D. 23.

Children, as contemplated by paragraph 1513, refers to persons in the period of life from birth to the onset of puberty, that is, when youth begins. *United States* v. *The Halle Bros. Co.*, 20 CCPA 281, T.D. 46077; and *United States* v. *Abercrombie & Fitch Co.*, 20 CCPA 267, T.D. 46060.

In the opinion of this court, the evidence in the case at bar is neither persuasive nor adequate that the imported merchandise is not chiefly used for the amusement of children. The plaintiff's testimony with respect to chief use is too narrow in its geographical scope to show that the instant merchandise was not properly classified. It appears closely confined to the Los Angeles area. Although the witness stated

that he was from Nebraska and that he himself had used it in high school, the record is not sufficiently clear whether he attended high school or camp in Nebraska. Even so, the combination of Nebraska and the Los Angeles areas would not suffice to prove a broad enough geographical area to establish chief use within the concept of tariff law. Moreover, the sample in the protest at bar supports the classification as a toy within the purview of paragraph 1513. A visual examination of the exhibit shows it toy-like in character, and it appears designed for a child, as that term is contemplated by paragraph 1513. Contrary to what the witness has stated, this court does not feel it is too complicated for a child under puberty to find amusement in it. The instructions printed on the top portion of the article directly under the glass hinged cover are not difficult to comprehend, and surely could be understood by a child ranging in age from 8 or 9 to the onset of youth. The instructions read:

1. Place White Negative Paper Shiny Side up.
2. Then Place Film Over it With Shiny side Up also.
3. Fold Glass over Both to hold Them Tight.
4. Expose to sun for 2 minutes.
Presto!! You have picture.

We find the article itself a potent and convincing witness. (See *United States* v. *The Halle Bros. Co., supra.*) Such an article as that at bar would not likely appeal to a person who has entered his youthful years. While it may be that the article does, as plaintiff claims, demonstrate the phenomenon of photography and the making of rudimentary photographs, this is only an incidental benefit, and would not disprove the chief use of this article which, in our opinion, has as its purpose the amusement of children.

The plaintiff having failed to sustain its statutory burden of proof herein, further consideration of the questions raised and motion made with respect to the plaintiff's interrogatories on the component material of chief value is obviated.

Upon the basis of the foregoing reasoning and law, and upon the pertinent cases cited, we conclude that the plaintiff has failed to overcome the presumption of correctness. Accordingly, judgment will issue affirming the collector's classification, and overruling plaintiff's protest.